UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **TASCHA ROBINSON** | : | CASE NO. 1:04cv092 |
| 2371 Walden Glen Circle, Apt. B | : | |
| Cincinnati, Ohio 45231 | : | (Judge Spiegel) |
| | : | Magistrate Judge Hogan |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **HILTON HOSPITALITY, INC**. | : | **COMPLAINT WITH JURY** |
| 9336 Civic Center Dr. | : | **DEMAND ENDORSED HEREON** |
| Beverly Hills California 90210 | : | |
| | : | |
| Defendant. | : | |

## PARTIES

1.  At all relevant times, Plaintiff Tacha Robinson was a resident and citizen of Hamilton County, Ohio. Ms. Robinson was employed by Defendant for approximately 10 years before her abrupt termination in March 2002. At the time of her termination, Plaintiff was employed in Hamilton County, Ohio.

2.  Defendant Hilton Hospitality, Inc. is a Delaware Corporation and one of the largest hotel conglomerates in the world. Defendant operates owns and operates hotels under the Embassy Suites Hotel brand, and does business within Hamilton County, Ohio. Defendant is an employer within the meaning of federal and state law.

## JURISDICTION AND VENUE

3.  The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331 because Plaintiff's Count I arises under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §2601, et seq.

4. Venue is proper in this Division and District pursuant to 28 U.S.C. §1391 because Plaintiff was employed in this Division and District and a substantial amount of the conduct giving rise to Plaintiff's claims occurred within this Division and District.

## STATEMENT OF FACTS

5. Plaintiff Tascha Robinson is a thirty-two year old African American female.

6. In August 1992, Ms. Robinson began working for Defendant in its sales department at its Embassy Suites Hotel in Blue Ash.

7. After approximately three years of top performance in Defendant's sales department, Defendant promoted Ms. Robinson to the position of Front Desk Supervisor, in 1995.

8. After three more years of excellent performance, Defendant promoted Ms. Robinson to the position of Revenue Manager.

9. Throughout her nearly ten-year tenure with Defendant, Ms. Robinson was a loyal, dedicated and highly qualified employee.

10. Throughout her tenure with Defendant, Ms. Robinson earned merit-based pay increases, merit-based promotions, excellent performance reviews, and the respect and appreciation of her supervisors and subordinates.

11. Throughout her tenure with Defendant, Ms. Robinson seized several opportunities to expand her skills-set and knowledge-base by attending multiple corporate training seminars and keeping up-to-date with the increasing responsibilities that her job positions demanded.

12. In March 2002, Ms. Robinson was struggling with debilitating symptoms of depression and anxiety.

13. Despite her best efforts to overcome her condition, by March 15, 2002, the

symptoms of Ms. Robinson's medical condition made it impossible for her to work.

14. Ultimately Ms. Robinson had to inform Defendant that she would regrettably have to take medical leave to address her condition.

15. At the time, Ms. Robinson's supervisors appeared sympathetic and told Ms. Robinson, one of Defendant's top employees, that she should take whatever time she needed to get back on her feet.

16. Ms. Robinson took her first day of medical leave on March 15, 2002.

17. Even after ten years of employment with Defendant, Ms. Robinson could not afford to purchase health insurance through Defendant's benefits plan. Thus, the fact that Ms. Robinson had to take a medical leave of absence itself produced additional anxiety and depression.

18. Rather than permitting Ms. Robinson time away from work to recover, Defendant made contact with Ms. Robinson on numerous occasions during her leave, troubling her with adverse developments at her workplace.

19. Nonetheless, Ms. Robinson did seek treatment for her medical condition, and by the early half of April 2002, Ms. Robinson had planned to return to work.

20. By the first half of April, Ms. Robinson was getting her condition under control, and notified her supervisor that she could return to work on April 15, 2002, but would have to take some time on her first day back from medical leave for an appointment with her Physician.

21. Her supervisor requested that she first obtain a release from her Medical Doctor, and that she not return to work until after her appointment.

22. Shortly thereafter and prior to returning to work, Ms. Robinson suffered a severe

episode symptomatic of her depression and anxiety.

23. Ms. Robinson notified Defendant that she would not be able to return to work on the day she had previously anticipated.

24. That very same day, Ms. Robinson's supervisor informed her that she could not come back to work, because Defendant had concluded that Ms. Robinson had "quit." According to Ms. Robinson's supervisor, he had accepted Ms. Robinson's resignation verbally from another employee, one of Ms. Robinson's subordinates.

25. Ms. Robinson never quit her position with Defendant.

26. On April 15, 2002, Defendant terminated Ms. Robinson.

## COUNT I

### (FMLA Violation)

27. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

28. Plaintiff suffered from serious health conditions as defined by the FMLA.

29. Plaintiff was absent from work due to serious medical conditions covered by the FMLA.

30. Defendant unlawfully terminated Plaintiff on account of her absences under the FMLA.

31. Defendant's termination of Plaintiff's employment was a willful violation of the FMLA, 29 U.S.C. §2601 et seq.

32. As a result of Defendant's willful violation of the FMLA, Plaintiff has suffered damages and is entitled to judgment.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

    (a)    That Defendant be enjoined from further unlawful conduct as described in the Complaint;

    (b)    That Plaintiff be reinstated to her employment effective April 15, 2002;

    (c)    That Plaintiff be awarded all lost pay, benefits, and interest;

    (d)    That Plaintiff be awarded compensatory damages;

    (e)    That Plaintiff be awarded punitive damages;

    (f)    That Plaintiff be awarded liquidated damages;

    (g)    That Plaintiff be awarded reasonable attorneys' fees and costs; and

    (h)    That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ Tod J. Thompson
Sheila M. Smith (0065115)
Tod J. Thompson (0076446)
Trial Attorneys for Plaintiff
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH  45202
(513) 721-1975
FAX: (513) 651-2570
e-mail: ssmith@frekingandbetz.com
        tthompson@frekingandbetz.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

          /s/ Tod J. Thompson