AO450 (Rev. 5/85) Judgment in a Civil Case

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO (WESTERN DIVISION)

TASCHA ROBINSON

**JUDGMENT IN A CIVIL CASE**

V.

HILTON HOSPITALITY, INC., ET AL.

Case Number: 1:04cv092

☑ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☐ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

See attached Jury Special Interrogatories (Doc.55), and Order of the Court (Doc.60).

| | |
|---|---|
| 9/7/2006 | JAMES BONINI |
| Date | Clerk |
| | s/Arthur Hill |
| | (By) Deputy Clerk |

2006 AUG 31 PM 6:59

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Tascha Robinson,
    Plaintiff

vs                         Case No. 1:04-cv-92-TSH
                              (Hogan, M.J.)

Hilton Hospitality, Inc.,
    Defendant

## SPECIAL INTERROGATORIES

Each of the following questions are to be resolved by unanimous vote of the jury:

1. Do you find by a preponderance of the evidence that defendant interfered with plaintiff's FMLA rights?

YES ✓                                               NO _____

2. Do you find by a preponderance of the evidence that defendant retaliated against plaintiff for exercising her FMLA rights?

YES _____                                   NO ✓

37

#55

If you answered "Yes" to question 1 or 2, answer the following questions. If you answered "No" to both questions 1 and 2, stop here and sign the verdict form.

3. What amount of back pay damages, if any, do you award?

$ 10,000.00

4. Did defendant prove by a preponderance of the evidence that it acted in good faith and with reasonable grounds for believing that it was not in violation of the Act?

YES ✓          NO _____ mek

## ALL JURORS MUST SIGN THE VERDICT

s/ Juror 3

s/ Juror 7

s/ Juror 6

s/ Juror 1

s/ Juror 5

s/ Juror 2

s/ Juror 4

Foreperson: s/ Juror 3

Date: 8/3/06

38

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**Tascha Robinson,**
    Plaintiff

vs                               Case No. 1:04-cv-92-TSH
                                      (Hogan, M.J.)

**Hilton Hospitality, Inc., et. al.,**
    Defendants

## ORDER

       This matter came before the Court for a jury trial commencing August 28, 2006.[1] Plaintiff alleged two claims for violations of the Family and Medical Leave Act, (FMLA), 29 U.S.C. §§ 2601 et. seq. The jury rendered a verdict on August 31, 2006, and found in favor of plaintiff on her FMLA interference claim.

       Under the FMLA, a defendant is liable for liquidated damages in an amount equal to the amount of plaintiff's lost wages, salary, employment benefits, or other compensation, plus interest, which is awarded for a violation of the statute, unless the defendant proves that it acted in good faith and with reasonable grounds to believe that its actions did not violate the law. 29 U.S.C. § 2617(1)(a)(A)(iii). A court may exercise its discretion to eliminate a liquidated damages award if an employer who violated the FMLA proves that it acted with the requisite good faith and reasonable grounds for believing its actions were not a violation of the law. *Chandler v. Specialty Tires of America (Tennessee), Inc.*, 283 F.3d 818, 827 (6th Cir. 2002);

---

[1]     Upon consent of the parties, the case was referred to the undersigned for final disposition pursuant to 28 U.S.C. § 636. (Doc. 34).

#60

*Wilkerson v. Autozone, Inc.*, 152 Fed. Appx. 444, 450, 2005 WL 2616016 (6th Cir. Oct. 17, 2005); *Chenoweth v. Wal-Mart Stores, Inc.*, 159 F. Supp.2d 1032, 1039 (S. D. Ohio 2001)(Kinneary, J.)

In conjunction with the Court's jury charge, the Court asked the jury to respond either "yes" or "no" to the following special interrogatory:

Did defendant prove by a preponderance of the evidence that it acted in good faith and with reasonable grounds for believing that it was not in violation of the Act?

The jury responded "yes" to this interrogatory. There is sufficient evidence in the case to support the jury's determination on this question and consequently, the Court hereby exercises its discretion to eliminate the liquidated damages award. Defendant demonstrated to the jury both good faith and reasonable grounds for believing that it was not in violation of the law. Accordingly, judgment shall be entered in accordance with the jury's award of compensatory damages, but plaintiff shall not be awarded liquidated damages.

                                       s/Timothy S. Hogan
                                       Timothy S. Hogan
                                       United States Magistrate Judge